IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD SPRIGGS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 22-cv-01363-RCL |
| EASTERN STATES JOINT BOARD 322, | ) ) ) |
| Defendant. | ) ) |

## DEFENDANT EASTERN STATE JOINT BOARD 322'S MOTION TO DISMISS

Defendant Eastern States Joint Board (hereinafter "Union" and/or "Local 322"), by and through undersigned counsel, respectfully moves the Court to dismiss the Complaint filed by *pro se* Plaintiff Richard Spriggs ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6).

## Statement of Facts

Plaintiff is employed by Megabus Northeast, LLC (hereinafter "Employer" and/or "Megabus"). Currently, Defendant, Eastern States Joint Board, Local 322 (hereinafter "Union" and/or "Local 322") and Megabus are parties to a Collective Bargaining Agreement ("CBA"). *See Preece Affd. Exhibit B*. Plaintiff is employed by Megabus and in the bargaining unit covered by the CBA. Article 6 of the CBA contains the Grievance and Arbitration provision that covers "[a]ll claims, disputes, differences or grievances that arise between Employer and Union or the employees as to the interpretation and application of any provisions in this Agreement." *Preece Aff. Ex. B pg.9*. Plaintiff never asserted a grievance concerning the allegations in the complaint pursuant to the CBA. Local 322 is governed by their Constitution and Bylaws. *Preece Aff. Ex. C*. Plaintiff never asserted a charge pertaining to the allegations in the complaint pursuant to Local

322's Constitution and Bylaws. Plaintiff's complaint is comprised of eight (8) conclusory paragraphs, zero facts are alleged and/or stated, Plaintiff does not assert the basis for the Court's Jurisdiction, venue and/or under what statute Plaintiff is claiming relief.

## Legal Argument

**1.      Plaintiff Fails to State A Claim for Which Relief Can Be Granted.**

Dismissal of a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. v. Twombly*, 550 U.S. 544, 556 (2007). In making this determination, a District Court must accept all well-pleaded factual assertions in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Furthermore, the Court has an obligation to liberally construe *pro se* filings, but it is not the obligation of the Court to advocate for a *pro se* litigant and/or assume facts plaintiff has not alleged. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Gould v. United Bhd. of Carpenters & Joiners of Am.*, No. 4:21-CV-1187 RLW, 2022 WL 1262486, at *9 (E.D. Mo. Apr. 28, 2022); *Danzy v. IATSE Loc. 22,* No. CV 18-673, 2019 WL 1331038, at *1 (D.D.C. Mar. 25, 2019).

In this case Plaintiff fails to state a claim for which relief can be granted. Since the Complaint is completely devoid of any statutes, one can only assume Plaintiff is alleging the Local 322 breached its duty of fair representation under the Labor Management Relations Act ("LMRA") and/or National Labor Relations Act ("NLRA"). However, in order to bring an action against a union under Section 301 of LMRA, the member must first exhaust the grievance and arbitration provision established by the CBA. *Vaca v. Sipes,* 386 U.S. 171, 184, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Plaintiff has never issued a grievance, as required by the CBA, regarding the alleged

statements in the Complaint. *See Preece Aff. Ex. B pg. 9.* The first time Local 322 was notified of any of these allegations was via the Complaint in this matter. Plaintiff made zero attempts to exhaust the administrative remedies available to him.

Additionally, LMRA gives the National Labor Relations Board ("NLRB") exclusive jurisdiction over claims where a bargaining unit member challenges the union's application of their constitution and bylaws. *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959); *Danzy v. IATSE Loc. 22*, No. CV 18-673, 2019 WL 1331038, at *1 (D.D.C. Mar. 25, 2019). All of the allegations in Plaintiff's Complaint relate to conduct of Local 322 and/or the application of Local 322's Constitution and Bylaws. Plaintiff has never issued a charge against Local 322 as established in their Constitution and Bylaws. *See Preece Aff. Ex. C.* Plaintiff asserts that he has received "assistance from the National Labor Relations Board" and clearly is knowledgeable that this is the lawful legal avenue to pursue allegations against Local 322.

**2.     This Court is not the Proper Venue.**

Defendant further moves to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(3) for improper venue. As previously stated, it is unclear what statute the *pro se* Plaintiff is alleging that Defendant breached. Nevertheless, according to 29 U.S.C. §185 (c), "for the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members." Local 322's principal office is in New York, and the Plaintiff is employed at a Megabus location located in Maryland.

**<u>Conclusion</u>**

For the reasons stated herein, defendant, Eastern States Joint Board, Local 322 requests that the Court grant its Motion to Dismiss this action with prejudice.

                                                          Respectfully submitted,

Dated:  June 13, 2022

/s/ Richard S. Siegel
Richard S. Siegel (DC Bar #984943)
Slevin & Hart, P.C.
1625 Massachusetts Ave. N.W., Suite 450
Washington, DC  20036
Telephone: (202) 797-8700
Facsimile: (202) 234-8231
rsiegel@slevinhart.com
*Local Counsel for Defendant*
*Eastern States Joint Board Local 322*

Sheri Preece (*pro hac vice* to be filed)
McCarthy & Preece, PLLC
109 Danbury Rd., Suite 3
Ridgefield, CT  06877
(914) 864-9322
sheri@mplaborlaw.com
*Counsel for Defendant*
*Eastern States Joint Board Local 322*

## CERTIFICATE OF SERVICE

      I, Sheri Preece, hereby certify that on June 13, 2022 a true copy of Defendant Eastern States Joint Board 322's Motion to Dismiss, Memorandum of Law in Support of Motion to Dismiss, Proposed Order, Sheri Preece Affirmation and Attached exhibits were mailed via certified mail to *pro se* Plaintiff at:

Richard Spriggs
11405 Canterbury Court
Bowie, Maryland 20721

Date: June 13, 2022                                        */s/Sheri Preece*
                                                                Sheri Preece (*pro hac vice* to be filed)
                                                                McCarthy & Preece, PLLC
                                                                109 Danbury Rd., Suite 3
                                                                Ridgefield, CT  06877
                                                                (914) 864-9322
                                                                sheri@mplaborlaw.com
                                                                *Counsel for Defendant*
                                                                *Eastern States Joint Board Local 322*